# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3478 | **DATE** | 5/21/2004 |
| **CASE TITLE** | Citicapital Commercial Corp. vs. Richard E. Wilson, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/6/04 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Citicapital's counsel is ordered to file in this Court's chambers on or before June 2, 2004 an appropriate amendment to the Complaint that details the basis for the calculation of Wilson's Indebtedness. Pretrial schedule on reverse of minute order.

(11) ■ [For further detail see order on the reverse side of the original minute order.] order attached to the original minute

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAY 2 4 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/21/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

MEMORANDUM ORDER

This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

There will be a status hearing--a "scheduling conference," as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b) at 9:00 a.m. on July 6, 2004 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date[1] to comply with the provisions of attached Rule 26(f) and this District Court's LR 26.1 (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared at the Status Hearing to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

Instead of the scope of mandatory initial disclosure prescribed by Rule 26(a)(1) as amended effective December 1, 2000, each party is ordered to provide to other parties the broader categories of information that were prescribed in Rules 26(a)(1)(A) and (B) before such amendment (see copies attached).

---

[1] If any party is unrepresented by counsel, that party must comply with this order personally.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITICAPITAL COMMERCIAL CORPORATION,
etc.,
              Plaintiff,

v.                          No. 04 C 3478

RICHARD E. WILSON, etc.,
              Defendant.

## MEMORANDUM ORDER

Citicapital Commercial Corporation ("Citicapital") has just sued Richard Wilson ("Wilson"), claiming the breach of two Conditional Sale Contracts (one covering a Freightliner tractor and the other covering a Great Dane trailer) and invoking diversity of citizenship as the predicate for federal jurisdiction. This memorandum order is issued sua sponte to request Citicapital's counsel to provide some supplemental information as to the requisite amount in controversy--as <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) teaches:

**DOCKETED**

**MAY 2 4 2004**

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Count I ¶9 alleges that Wilson is indebted on the contract covering the tractor in the amount of $72,811.28, while Count I ¶10 asserts Wilson is indebted on the other contract in the amount of $10,754.56. Because those two claims total over $83,000, they alone suffice to satisfy the over-$75,000 floor set

by 28 U.S.C. §1332 if the figures are right.[1]

It is unclear from the Complaint's allegations just how the claimed amounts have been determined. Paragraph G of each Conditional Sale Contract provides for the acceleration of all future payments in the event of default, and unless any amounts attributable to payments not yet due are discounted to present value, that (as with the discussion in n.1) would involve an unenforceable penalty (see, e.g., Heller Financial, Inc. v. Burry, 633 F.Supp. 706, 707 (N.D. Ill. 1986)).

From the dates and the specified 48-month durations of the Conditional Sale Contracts it would seem most likely that should not pose a problem, but it is nonetheless this Court's responsibility to inquire. Accordingly Citicapital's counsel is ordered to file in this Court's chambers on or before June 2, 2004 an appropriate amendment to the Complaint that details the basis for the calculation of Wilson's indebtedness.

                                           /s/ Milton I. Shadur
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: May 20, 2004

---

[1] Count II sounds in replevin, seeking repossession of the tractor and trailer and ascribing an aggregate value of $43,000 to those items. But that does not of course enter into the determination of the amount in controversy, for the tractor and trailer are only collateral for the indebtedness. Hence Citicapital could not legitimately also seek to recover the equipment or its value without obtaining a double recovery or imposing a penalty unenforceable under Illinois law.

2